UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LULE STAFA,<br><br>                      Plaintiff,<br><br>-against-<br><br>INNOVATIVE FACILITY SERVICES,<br><br>                      Defendant. | Case No. 1:23-cv-10509 (JLR)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      On November 28, 2023, Plaintiff Lule Stafa, proceeding *pro se*, filed this action, asserting various discrimination claims against Defendants Innovative Facility Services ("IFS") and Union 32B-J (the "Union"). *See* Dkt. 1. On January 3, 2025, the Court issued an Opinion and Order granting the Union's motion to dismiss Plaintiff's claims against the Union and granting IFS's motion to compel arbitration of Plaintiff's claims against IFS. *See* Dkt. 39. On July 16, 2025, Plaintiff filed a letter requesting reconsideration of the Court's decision to compel arbitration. *See* Dkt. 43. On July 21, 2025, IFS filed a letter opposing Plaintiff's request for reconsideration. *See* Dkt. 44. Plaintiff has not filed a reply in support of her request or a brief in opposition to IFS's motion, and the deadlines to do so have passed. For the reasons that follow, Plaintiff's request for reconsideration is DENIED.

      "Rule 54(b) [of the Federal Rules of Civil Procedure] allows for reconsideration of non-final orders in the district court's equitable discretion." *Article 13, LLC v. Ponce de Leon Fed. Bank*, 686 F. Supp. 3d 212, 215 (E.D.N.Y. 2023) (alteration in original) (citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir.) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.

1992)), *cert. denied,* 145 S. Ct. 279 (2024). "Accordingly, the standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "It is . . . well settled that a motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a "second bite at the apple."'" *LPD N.Y., LLC v. Adidas Am., Inc.*, 295 F. Supp. 3d 275, 284 (E.D.N.Y. 2017) (quoting *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75-76 (2d Cir. 2016) (summary order)).

Plaintiff first argues that the Court should reconsider its prior order because she did not knowingly agree to arbitration or waive her right to go to court. *See id.* However, a lack of awareness of an arbitration clause in a CBA does not render it invalid or unenforceable. "Unions are legally authorized to negotiate collective bargaining agreements on behalf of their members, and in so doing, may waive members' right to bring claims in court." *Sanchez v. Clipper Realty, Inc.*, 638 F. Supp. 3d 357, 366 (S.D.N.Y. 2022) (citing 29 U.S.C. § 159(a)), *aff'd,* No. 22-2917, 2023 WL 7272062 (2d Cir. Nov. 3, 2023) (summary order). In this case, Plaintiff is bound by the CBA and its arbitration provisions, pursuant to the National Labor Relations Act, because there is no dispute "that the Union properly negotiated [the CBA] on behalf of . . . covered employees," including Plaintiff. *Begonja v. Vornado Realty Tr.*, 159 F. Supp. 3d 402, 413 (S.D.N.Y. 2016) (rejecting plaintiff's argument that arbitration provisions in CBA were unenforceable because "she did not specifically agree to the terms requiring her to arbitrate her discrimination claims; that she was not advised as to such terms; and that she had no ability to turn down such terms"); *see 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 257

(2009) ("As in any contractual negotiation, a union may agree to the inclusion of an arbitration provision in a collective-bargaining agreement in return for other concessions from the employer. Courts generally may not interfere in this bargained-for exchange.").

Plaintiff also expresses concerns about the fairness of arbitration based on her past experience and emphasizes the seriousness of her federal claims. While the Court understands that Plaintiff has reservations about arbitration and seeks a fair opportunity to be heard, Plaintiff has not offered any evidence or precedent that the Court previously overlooked to suggest that the arbitration provisions of the CBA are unenforceable. The Court is unable to override a valid CBA or interfere with the collective-bargaining process merely because Plaintiff prefers to pursue her claims in court. *See Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (noting that CBAs "are negotiated and refined over time by the parties themselves so as to best reflect their priorities, expectations, and experience" and that "the arbitration process is . . . 'part and parcel of the ongoing process of collective bargaining'" (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987))).

In sum, Plaintiff has not shown that a change in controlling law, new evidence, or the need to correct a clear error or prevent manifest injustice justifies reconsideration of its Opinion and Order granting IFS's motion to compel arbitration. Accordingly, Plaintiff's request for reconsideration is DENIED.

In light of IFS's representation that Plaintiff has not yet initiated the arbitration process, *see* Dkt. 44 at 1 n.1, Plaintiff and IFS are directed to meet and confer regarding next steps and to determine a mutually agreeable path forward toward the mediation/arbitration of Plaintiff's claims pursuant to the procedures set forth in the operative CBA. The parties shall file a status letter no later than **October 1, 2025.**

The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. 44 and to mark this case as stayed.

Dated: September 2, 2025
       New York, New York

                                          SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge